UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL CORRIOSO MENDOZA, | Case No.: 18cv149-LAB (NLS) |
| Petitioner, | |
| v. | **ORDER SCREENING PETITION AND ORDERING RESPONDENT TO FILE REPLY; AND** |
| FRED FIGUEROA, Warden, et al., | |
| Respondents. | **ORDER DENYING MOTION FOR APOINTMENT OF COUNSEL** |

On January 22, 2018, Rafael Corrioso Mendoza, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court granted him leave to proceed *in forma pauperis* ("IFP"). Mendoza also filed a Motion to Appoint Counsel (Doc. No. 3).

**SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2) and § 1915A**

The Prison Litigation Reform Act (PLRA) obligates the Court to review complaints filed by persons proceeding IFP and persons who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. Under both sections, the Court must *sua sponte* dismiss a petition to the extent it fails to state a claim. *See Lopez v. Smith*, 203

F.3d 1122, 1126 (9th Cir. 2000) (en banc); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000).

The Court accepts as true all allegations of material fact and must construe them in the light most favorable to the petitioner. *Resnick*, 213 F.3d at 447; *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

When an alien is ordered removed from the United States, the Government typically secures the removal within the statutory 90-day "removal period." *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). An alien who is ordered removed but is not removed within this period may be detained further under 8 U.S.C. § 1231(a)(6) if he is "determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); *see also Zadvydas*, 533 U.S. at 682. Related regulations allow the director of the Immigration and Naturalization Service (INS) to authorize further detention after the 90-day removal period expires if the alien is considered a threat to the community. 8 C.F.R. § 241.4 (2001). If an alien is held under this authority for more than 6 months, however, he will be afforded the opportunity to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and the Government must then "respond with evidence sufficient to rebut that showing" in order to maintain detention. *Zadvydas*, 533 U.S. at 701. An alien may no longer be held in confinement once "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

The Department of Homeland Security deemed Plaintiff to be removable on May 24, 2017, and a custody determination was made in his case on June 5, 2017. On October 4, 2017, Immigration and Customs Enforcement (ICE) informed Mendoza that he would not be released from custody because he had been deemed a threat to the community. Mendoza alleges that he has now been held

for more than six months, and that his removal to Cuba is not reasonably foreseeable.

The Court finds the factual allegations, taken as true, are sufficient to enable the petition to survive screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. This does not foreclose the government from moving to dismiss the petition for failure to state a claim. *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D.Cal. 2007)

**MOTION TO APPOINT COUNSEL**

There is ordinarily no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). But a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This discretion, though, should only be exercised by a trial court in "exceptional circumstances." *Aygeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

It is unknown whether Plaintiff's case will ultimately succeed on the merits, but he has thus far been able to clearly articulate his claims and there is no reason to believe he cannot do so going forward. Therefore, exceptional circumstances do not warrant appointment of counsel at this time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION AND ORDER**

The United States Attorney is **ORDERED** to file a reply to petition within **35 days of the date this order is docketed**. The motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.


**IT IS SO ORDERED**.

Dated: July 30, 2018

_____
Hon. Larry Alan Burns
United States District Judge